**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JOAN BOYER, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   No. |
| | § |
| GC SERVICES, LP, | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S COMPLAINT

JOAN BOYER ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Count II of Plaintiff's Complaint is based on Texas Statute, Financial Code, § 392.302 *et seq*. ("Texas Financial Code").

## JURISDICTION and VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business and is principally located in the State of Texas establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

6. Plaintiff is a natural person residing in Enola, Pennsylvania.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and Texas Financial Code § 392.001(1).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Texas Financial Code § 392.001(2).

9. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Financial Code § 392.001(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or around the beginning of January 2013, Defendant began communicating with Plaintiff, in attempts to collect an alleged debt on behalf of Citibank with an account number ending in 6208.

13. The purchases were made on this Citibank account were for personal, family and household purposes.

14. In its collection attempts, Defendant placed telephone calls to Plaintiff on her home phone (717-728-xxxx) and cellular phone (717-554-xxxx).

15. On or about January 9, 2013, Defendant called Plaintiff and left a voice message. *See* transcribed message, attached hereto as Exhibit A.

16. Defendant's stated she was leaving a message for Plaintiff and asked her to return the

phone call to 866-749-7274, which is a phone number that belongs to Defendant.  *See* Exhibit A.

17.     However, Defendant's employee never identified Defendant's company name in its message.  *See* Exhibit A.

18.     Defendant's employee also failed to inform Plaintiff that it is a debt collector in the message.  *See* Exhibit A.

19.     Plaintiff did not know what company was calling, or why Defendant was trying to contact Plaintiff.

20.     Defendant withheld the true purpose and nature of its call, which was an attempt to collect money from Plaintiff.  *See* Exhibit A.

21.     Defendant used deceptive and misleading representations in connection with its attempts to collect the alleged debt by not identifying itself, not disclosing the true purpose of its phone call, and by not disclosing that it is a debt collector, in order to deceive Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

22.     Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is harassing and annoying.

   b. Defendant violated § 1692d(6) of the FDCPA by leaving a message without providing meaningful disclosure of its identity.

   c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

   d. Defendant violated § 1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt; and

    e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its written communication that it is a debt collector.

WHEREFORE, Plaintiff, JOAN BOYER, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

23. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED
## THE TEXAS FINANCIAL CODE

26. Defendant violated Texas Financial Code based on, but not limited to, the following:

    a. Defendant violated § 392.302(2) of the Financial Code by placing telephone calls without disclosing itself;

    b. Defendant violated § 392.304(a)(19) of the Financial Code by using deceptive means to collect a debt.

WHEREFORE, Plaintiff, JOAN BOYER, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

27. Injunctive relief pursuant to Texas Financial Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Financial Code.

28. Costs and reasonable attorneys' fees pursuant to Texas Financial Code § 392.403(b).

29. Any other relief that this Court deems appropriate.

Dated: April 22, 2013　　　　　　RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　KROHN & MOSS, LTD.


By:  /s/ Douglas Baek

　　　　Douglas Baek
　　　　CA State Bar No. 258321
　　　　Krohn & Moss, Ltd.
　　　　10474 Santa Monica Blvd., Suite 405
　　　　Los Angeles, CA 90025
　　　　Tel: 323-988-2400 x244
　　　　Fax: 866-829-5083
　　　　dbaek@consumerlawcenter.com
　　　　Attorney for Plaintiff